UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>RONALD HINKLE,<br>    Defendant | Criminal Action No. 18-009 (CKK) |

**MEMORANDUM OPINION**
(February 2, 2023)

In this criminal action, Defendant Ronald Hinkle is charged with two counts of unlawful distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One and Two); one count of unlawful possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) (Count Three); one count of unlawful possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Four); one count of unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Five); and one count of using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Six).  *See* Superseding Indictment, ECF No. 7.  Defendant filed the pending [49] Motion to Dismiss Counts One and Two of the Superseding Indictment due to pre-arrest and pre-indictment delay.  Def.'s Mot. at 1.  More specifically, Defendant argues that these counts should be dismissed "because the government violated his right to a speedy trial by failing to diligently pursue his arrest or an indictment for nearly 30 months following the events that are the bases for those two charges."  *Id.*  Upon consideration of the

1

pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY Defendant's [49] Motion to Dismiss Counts One and Two of the Superseding Indictment.

## I. BACKGROUND

On or about July 30, 2015 and August 19, 2015, Defendant Ronald Hinkle allegedly distributed a detectable amount of cocaine to a confidential government source in controlled buys.  Def.'s Mot. at 1.  The Government filed an Indictment against Defendant on January 16, 2018 charging him with Counts One and Two, *see* Indictment, ECF No. 1, and Defendant was arrested on February 22, 2018, *see* ECF No. 2.  The Government later filed a Superseding Indictment on March 1, 2018 adding additional charges.  *See* Superseding Indictment, ECF No. 7.  Defendant Hinkle first appeared before Judge Emmet G. Sullivan on March 6, 2018.  *See* Minute Entry, March 6, 2018.

Over the next few years, Defendant appeared before Judge Sullivan for numerous hearings.  At various times, the parties were prepared to proceed to trial, and at other times the parties were prepared to proceed with a plea offer; both fell through.  In April and May 2021, Defendant filed several motions, including the present [49] Motion to Dismiss.  Throughout the following months, Judge Sullivan held motions hearings that bore on some of Defendant's pretrial motions.

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mot. to Dismiss Counts One & Two of Indictment Due to Pre-Arrest and Pre-Indictment Delay ("Def's Mot."), ECF No. 49;
- Gov.'s Omnibus Opposition to Defendant's Multiple Motions ("Gov.'s Opp'n"), ECF No. 60; and
- Def.'s Reply to Gov.'s Omnibus Opposition ("Def.'s Reply"), ECF No. 62.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

2

This case was transferred to Judge Colleen Kollar-Kotelly on October 18, 2022, and the parties appeared before this Court on January 26, 2023 to discuss the status of the case and the pending motions. With the [49] Motion fully briefed, the Court now turns to its resolution.

## II. LEGAL STANDARD

### A. Speedy Trial Clause of the Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, the Court considers four factors: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

### B. Due Process Clause of the Fifth Amendment

The Fifth Amendment provides that "no person shall be… deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Essential fairness is a fundamental due process requirement in criminal prosecutions, and untoward delay in notifying the accused of the charges to be pressed breeds unfairness by adversely affecting the preparation and presentation of his defense." *United States v. Parish*, 468 F.2d 1129, 1133 (D.C. Cir. 1972).

## III. DISCUSSION

Defendant argues in his Motion to Dismiss that the Government "violated his right to a speedy trial" due to pre-arrest and pre-indictment delay. Def.'s Mot. at 1. Defendant allegedly distributed a detectable amount of cocaine to a confidential government source in two controlled buys—the first on or about July 30, 2015, and the second on or about August 19, 2015. *Id.* Defendant was not charged by Indictment until January 16, 2018, *see* Indictment, ECF No. 1,

3

which is a lapse of approximately thirty months since the July 2015 buy and twenty-nine months since the August 2015 buy. An arrest warrant issued that same day and Defendant was arrested on February 22, 2018. *See* ECF No. 2.

Defendant's Motion states that this lapse violated "his right to a speedy trial," Def.'s Mot. at 1, which is a right under the Sixth Amendment. However, the Motion recites and applies the standard under the Due Process Clause of the Fifth Amendment. *See*, *e.g.*, *id.* at 2–6. The Court will address arguments under both the Sixth and Fifth Amendment below.

### A. Speedy Trial Clause of the Sixth Amendment

Defendant's Motion to Dismiss begins by stating that "the government violated his right to a speedy trial." Def.'s Mot. at 1. Defendant cites some case law that hinges on this Sixth Amendment right, *see id.* at 7–8, and concludes with a proposed Order that included the phrase "because of a speedy trial violation," *id.* at 10. In his reply brief, Defendant again doubles down about "defendant's speedy trial rights." Def.'s Reply at 12. Other than these references, the rest of Defendant's briefing applies a different legal standard.

The Sixth Amendment right to a speedy trial is not applicable because Defendant Hinkle challenges a pre-indictment, pre-arrest delay. "[T]he Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused,'" which occurs through "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion*, 404 U.S. 307, 313, 320 (1971). Defendant himself seems to explicitly recognize this, writing in his briefing that "the Sixth Amendment right to a speedy trial does not come into play until after the individual has been placed under arrest." Def.'s Mot. at 3.

4

Accordingly, to the extent that Defendant intended to raise the Sixth Amendment speedy trial right as a ground for dismissing Counts One and Two of the Superseding Indictment, the Court denies Defendant's Motion.

### B. Due Process Clause of the Fifth Amendment

As noted above, Defendant's argument primarily relies on a due process rationale. Generally, the applicable "statute of limitations is the primary measuring stick to gauge whether a criminal charge is unduly stale." *United States v. Bridgeman*, 523 F.2d 1099, 1112 (D.C. Cir. 1975). However, the Supreme Court has recognized that in certain circumstances, oppressive pre-indictment delay can violate a defendant's rights under the Due Process Clause of the Fifth Amendment. *Marion*, 404 U.S. at 324; *United States v. Lovasco*, 431 U.S. 783, 789 (1977). To establish a due process violation for pre-indictment delay, a defendant must show both that (1) the delay caused the defendant actual and substantial prejudice, and (2) the government intentionally delayed bringing to gain a tactical advantage. *Marion*, 404 U.S. at 325. The defendant bears the burden of establishing both elements. *United States v. Kilroy*, 769 F. Supp. 6, 7 (D.D.C. 1991) (Jackson, J.), *aff'd on other grounds*, 27 F.3d 679 (D.C. Cir. 1994). The Court addresses these elements in turn.

### 1. Actual and Substantial Prejudice

A defendant must advance a credible argument that the delay actually prejudiced them rather than rest on mere speculation. *See United States v. Burnett*, 827 F.3d 1108, 1116 (D.C. Cir. 2016). The prejudice must be actual and substantial. *Marion*, 404 U.S. at 325. Here, Defendant makes three arguments regarding prejudice, none of which rise to the requisite level of actual and substantial prejudice.

5

First, Defendant argues that the delay "makes it much more difficult for Mr. Hinkle to recall what he was doing and where he was on the pertinent dates and times of the controlled buys." Def.'s Mot. at 6. He does not explain specifically what he fails to remember nor how that would be relevant to his case. Both the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit has made clear that because "[m]emories inevitably dim with the passage of time," *Bridgeman*, 523 F.2d at 1112, "bare allegations that delay has dimmed the memories of… [a] defendant[] does not constitute actual prejudice," *United States v. Brodie*, 326 F. Supp. 2d 83, 88 (D.D.C. 2004) (ESH); *see also Marion*, 404 U.S. at 325–26. Furthermore, where a defendant alleges that it is merely *difficult* to recall events and not that their memory has *in fact* failed, that weakens a defendant's attempt to demonstrate prejudice. *See United States v. Mahoney*, 698 F. Supp. 344, 346 (D.D.C. 1988) (Gasch, J.). That is exactly what Defendant Hinkle alleges here—that the delay "makes it much more difficult" for him to recall past actions and events. Def.'s Mot. at 6. The Court finds that Defendant's assertions regarding his memory fail to establish actual and substantial prejudice.

Next, Defendant states that the delay "makes it far more difficult to locate witnesses pertaining to the relevant events and time [] period." *Id.* He does not identify particular witnesses he would have liked to locate nor contend that such witnesses could have offered exculpatory evidence. Case law is again clear: "[P]rejudice is not satisfied… by the slender hope that a witness, now unavailable, might have been able to come forth with testimony favorable to the defense." *United States v. Jones*, 524 F.2d 834, 844 (D.C. Cir. 1975) (citation and internal quotation omitted); *see also Brodie*, 326 F. Supp. 2d at 88; *United States v. Reed*, Crim. No. 15-188 (APM), 2017 WL 3208358, at *3 (D.D.C. July 27, 2017). A defendant must

6

show that his defense has been disadvantaged by the inability to locate or call such witnesses so as to rise above speculative and into the realm of actual and substantial prejudice. *See Kilroy*, 769 F. Supp. at 8; *see also United States v. Crouch*, 84 F.3d 1497, 1515 (5th Cir. 1996) (internal citation omitted) (collecting cases) ("A mere loss of potential witnesses is insufficient absent a showing that their testimony would have actually aided the defense."). Here, Defendant fails to meet that standard. In addition, the Government points out that their evidence "consists of a single cooperating witness" who participated in the controlled purchases and "will testify that the person who sold [] the drugs was none other than the defendant" as well as "the recordings of those controlled purchases." Gov.'s Opp'n at 22. The Government's brief impliedly questions what the purportedly-unavailable defense witnesses would change about the case, *see id.*, and Defendant fails to respond to this challenge, *see generally* Def.'s Reply at 12–13. The Court finds that Defendant's assertions regarding potential difficulty locating witnesses fails to establish actual and substantial prejudice.

  Finally, Defendant states that "[m]ost significantly, [the delay] interferes with the defendant's ability to obtain call detail records, geo-location data, cell tower data, and other records from the telephone company, as those records are not usually maintained for 30 months unless the telephone company is served with a preservation letter." Def.'s Mot. at 6. But permanent loss of evidence does not necessarily create actual and substantial prejudice. *See Marion*, 404 U.S. at 25–26 (the possibility that "evidence [will] be lost" is not in itself "enough to demonstrate that [defendant] cannot receive a fair trial" in violation of the Due Process Clause). This is true in the context of electronic information. *See United States v. McCormick*, Crim. No. 18-0359 (JDB), 2018 WL 6311898, at *3–4 (D.D.C. Nov. 25, 2019) (finding that

where defendant argues only that "he was not able to 'secure and preserve' certain chat logs from the [] forum that may have been exculpatory," defendant did not show the required prejudice). Here, Defendant does not aver that he attempted and was unable to obtain such data nor that such data would have been exculpatory. As the Government points out, "unless the phone was being utilized during the controlled purchase itself, it is difficult to see how this evidence would assist in his defense." Gov.'s Opp'n at 22. Defendant does not respond to this argument. *See generally* Def.'s Reply at 12–13. Additionally, the Government indicates that they "will coordinate with law enforcement to determine if such records exist and are in the government's possession," which, if such records materialize, would further undercut Defendant's attempt to show the delay caused prejudice. Gov.'s Opp'n at 22 n.6. The Court therefore finds that the Defendant has failed to demonstrate actual and substantial prejudice here, too.

In sum, Defendant has not carried his burden of showing that the Government's pre-arrest, pre-indictment delay caused him actual and substantial prejudice. Because a defendant must establish both elements of the standard, *see Lovasco*, 431 U.S. at 790, the Court could stop its analysis here and deny Defendant's Motion to Dismiss. However, the Court will continue to the second element.

### 2. Tactical Advantage

A defendant also bears a "substantial burden" in showing that the government intentionally delayed in order to gain a tactical advantage. *United States v. Pollack*, 534 F.2d 964, 969 (D.C. Cir. 1976); *Marion*, 404 U.S. at 325. This bar is rather high. The government is not required to seek an indictment as soon as the government suspects a defendant or even as soon as they have probable cause. *See Mahoney*, 698 F. Supp. at 347 (citing *Lovasco*, 431 U.S.

8

at 790–91).  The government can justify delay for various reasons, including where the complex nature of a case necessitates time-consuming investigation, *Pollack*, 534 F.2d at 970, where there is a large volume of evidence, *United States v. Koumbairia*, 17 F. Supp. 3d 81, 88 (D.D.C. 2014) (JDB), due to the magnitude of the crime, *Bridgeman*, 523 F.2d at 1112, because they were prosecuting other related cases, *Kilroy*, 769 F. Supp. at 8, or, at least in part, where the prosecutor handling the case changed, *United States v. Whitehorn*, 710 F. Supp. 803, 809 (D.D.C. 1989) (HHG), *rev'd on other grounds sub nom. U.S. v. Rosenberg*, 888 F.2d 1406 (D.C. Cir. 1989).  As the Supreme Court noted, "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment."  *Lovasco*, 431 U.S. at 790.  For this reason, courts "should not second guess the prosecutor's discretion."  *Mahoney*, 698 F. Supp. at 348.

Here, Defendant has presented no evidence that the Government's delay was the result of a deliberate and unreasonable tactic.  Defendant only states that "there is no justification for the 30 month delay, other than to try to gain a tactical advantage" and that "the delay was the product of conscious action on the part of the government in a manner serving its tactical interests."  Def.'s Mot. at 6.  These "tactical interests" Defendant refers to are ostensibly that the delay made it more difficult to recall events, made it more difficult to locate witnesses, and interfered with his ability to obtain data.  *See id.*  As the Court found above, these allegations to not rise to the level of demonstrated prejudice against Defendant.  Defendant offers no additional information or evidence, but only a generalized, hollow claim as to the Government's impropriety.

Defendant also mentions that "the government made almost no effort to locate and charge

9

Mr. Hinkle with the alleged offenses over the 30 month period." Def.'s Mot. at 6. Defendant continues that "he did not change his telephone number or address for the entire time period," *id.* seemingly implying that had the Government been more diligent, they would have arrested and indicted him much earlier. However, Defendant does not offer any evidence that this delay was the product of any deliberate effort by the Government to gain an advantage—only stating that there was a delay. *Cf. Parish*, 468 F.2d at 1135.

Importantly, the Government offers legitimate reasons for this delay, specifically, that it was for investigatory reasons. They state that because "the defendant was believed… to be involved in a larger-scale trafficking operation[,]… law enforcement's goal was not just to do multiple controlled purchases on the defendant with the intent to indict him on single sales, but to obtain additional information as to the operation." Gov.'s Opp'n at 20. This included "attempts to conduct controlled purchases with associates of the defendant and other investigative activity" to see if "it was possible to adduce additional evidence against the defendant, or identify other criminal activity conducted by his cohorts, before an indictment." *Id.* at 17. These "effort[s]… did not pan out," *id.* at 20, allegedly in part because "the defendant became wary of the cooperating witness, and declined to transact with the witness any further" and because "the opportunity [to engage with defendant's associates] never materialized," *id.* at 17. The Government admits that "the case against the defendant did not materially change between 2016 and 2018," but during that time period they were pursuing various investigatory paths. *Id.* The Supreme Court has made clear that "investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused.'" *Lovasco*, 431 U.S. at 795 (quoting *Marion*, 404 U.S. at 324). Additionally, the Government

10

states that during the period between 2016 and 2018, the case was assigned to multiple Government counsel, Gov.'s Opp'n at 17, which has been held as a factor in justifying delay, *Whitehorn*, 710 F. Supp. at 809.

Defendant Hinkle fails to offer any evidence casting the Government's investigatory justification in doubt. The Court therefore finds that Defendant has failed to carry his burden of showing that the Government intentionally delayed in bringing an indictment as well as arresting him for the purpose of gaining a tactical advantage.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant Hinkle failed to demonstrate a Sixth Amendment speedy trial claim and also failed to satisfy either element of the required standard under the Fifth Amendment Due Process Clause. Accordingly, the Court will DENY Defendant's Motion to Dismiss Counts One and Two of the Superseding Indictment. An appropriate Order accompanies this Memorandum Opinion.

/s  
COLLEEN KOLLAR-KOTELLY  
United States District Judge
...