IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No.  18 - 009 (CKK) |
| : | |
| RONALD  HINKLE : | |

**MOTION TO PERMIT DEFENDANT TO LEAVE HIS RESIDENCE
TO BE ABLE TO OBTAIN A DOT PHYSICAL AND OBTAIN HIS CDL PERMIT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendant, through undersigned counsel, and respectfully moves this Court to modify his conditions of release to permit him to leave his residence to get a Department of Transportation ("DOT") physical examination and to take the test for his CDL learner's permit. In support of this motion defendant states as follows:

1. On or about October 11, 2022, Mr. Hinkle was released on home detention conditions that restrict him to his home except for court-approved matters.  Defendant is currently residing with his maternal aunt and grandmother in the D.C. Metropolitan area under the supervision of the Pretrial Services Agency.

2. In a prior motion the defendant requested permission to leave his residence under the supervision of the PSA to obtain his driver's license and to take the test to obtain his CDL learner's permit. After more specific details were provided, the Court granted that request. Specifically, the defendant was approved to take his driver's test on April 5, 2023, which was required before he would be allowed to take the test for his CDL learner's permit.  He was scheduled to take the test for his CDL learner's permit on April 12th.

3.      On April 5th, defendant took and passed his driving test on April 5th. However, after passing the driver's test, defendant was informed that he needs to take a Department of Transportation ("DOT") physical examination before he can take the test for his CDL permit. Counsel is not sure if that information is correct. [1] Nevertheless, after consultation with Christine Schuck, the PSA officer currently supervising the defendant, it was determined that it made sense for the defendant to get the DOT physical examination before trying to take the test for his CDL learner's permit. Thus, he did not take the test on April 12th. Ms. Schuck advised the defendant to determine his options for getting an appointment for the DOT physical examination, and then speak to undersigned counsel about filing a motion seeking permission to get the DOT physical examination under PSA's direction and supervision, and thereafter to take the test for the CDL learner's permit - again under the close direction and supervision of PSA.

4.      Ms. Schuck, who has a great deal of experience as a PSA officer, recommended keeping the exact dates and times open in order to give sufficient flexibility to get both tests completed without the need to file any further motions regarding these appointments in the event that there is a problem with either of the appointments. She indicated that she was comfortable that she will be able to confirm each appointment in advance, set the appropriate time period for defendant to be away from his residence, and monitor his compliance. Thus, undersigned counsel is submitting this request without specific details. However, as in the past, counsel will provide specific details if the Court so requests.

---

[1] It appeared from the website information that the DOT physical was a requirement for the CDL license, but not to take the test for the CDL learner's permit. However, it seems to make sense not to question the information informally provided to Mr. Hinkle.

5.      Defendant located a convenient medical facility (Concentra) that offers DOT physical examinations.  The office is in Capitol Heights, Maryland.  Counsel contacted Concentra and was informed that the DOT examinations are conducted on a "walk-in" basis, and that the examination is usually completed within two hours of arrival - although on occasion the wait times have been longer.  Counsel has provided that information to the Pretrial Services Agency.  Defendant's proposal is to allow him to schedule the appointment for his DOT physical examination under the direction and supervision of Ms. Schuck, rather than setting a specific date and time to be included in the instant motion.

6.      Similarly, defendant proposes that he be permitted to schedule the test for the CDL learner's permit under the direction and supervision of his PSA Officer after he gets the certification regarding his "DOT" physical examination.

7.      As noted above, undersigned counsel spoke with Christine Schuck, the currently assigned Pretrial Services Agency ("PSA") officer, regarding this matter.  First, she confirmed that Mr. Hinkle continues to be 100% compliant – including during the times he was permitted to be away from his residence.  Undersigned counsel also discussed the pros and cons of seeking approval for specific appointment dates and times, and based on her experience she felt it is best to allow the PSA to confirm appointment dates and times, and monitor the compliance.  In her experience, unexpected "things happen" which interfere with specific appointment dates and times, which then would require a new motion to set new dates and times.  She recommended seeking approval for Mr. Hinkle to leave his home for the two examinations, but give the PSA authority to handle the scheduling and monitoring of those appointments.

8.      The government indicated that it does not oppose this motion.

WHEREFORE, defendant respectfully requests that the Court permit him to leave his residence to submit to a DOT physical examination and to take the test for his CDL learner's permit under the direction and supervision of the PSA Office.

        Respectfully submitted,

        /s/
        Howard B. Katzoff (Bar No. 348292)
        717 D Street, NW  Suite 310
        Washington, D.C.  20004
        (202) 783-6414
        katzoffh@aol.com
        Counsel for Ronald Hinkle

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been filed via the Court's Electronic Filing System (ECF), causing a copy to be served upon government counsel of record, this   1st   day of May, 2023.

        /s/
        Howard B. Katzoff