UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    CRIMINAL NO. 18-CR-9 (CKK) |
| v. | : |
| RONALD HINKLE, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

The Defendant agrees to admit guilt and enter a plea of guilty to Count Six of the Superseding Indictment charging him with one count of Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

### II. Elements of the Offense

The essential elements of the offense of Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the Defendant committed the crime of Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1); and

2. That the Defendant knowingly possessed a firearm in furtherance of this crime.

The elements of Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance;

1

2. That the Defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3. That when the Defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

## III.  Penalties for the Offense

The penalties for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c) are:

(A) a term of imprisonment of not less than five years and not more than life;

(B) a fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

(C) a term of supervised release of not more than 5 years; and,

(D) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

## IV.  Factual Proffer

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

### *2015 Distributions*

In the summer of 2015, a cooperating witness ("CW") purchased 125 grams of cocaine for $5,500 from Mr. Hinkle on two occasions (July 30 and August 19, respectively). On each occasion, the CW text messaged the Defendant to set up the transaction, and they conducted each transaction in a different car rented by the Defendant, in Washington, D.C. The CW would drive to a specified

2

location, exit the CW's car, and enter the Defendant's car to conduct the transaction. Each buy was recorded on camera worn by the CW, and each buy was witnessed by multiple law enforcement agents. Although the recording equipment did not capture a clear view of the Defendant's face, the CW identified the Defendant, rental car records from the first buy implicate the Defendant, and an agent identified the Defendant during the second buy. As a result of that investigation, the government obtained an indictment on January 16, 2018, and a warrant was issued for the Defendant's arrest.

On February 21, 2018, around 7:00 a.m., agents began conducting surveillance on a Chrysler 300 bearing Maryland tags 4CW8934 in the 2500 block of R Street Southeast, Washington, D.C., based on information that the Defendant had rented the vehicle. Around 10:50 a.m., agents observed the Defendant leave the front door of a three-story apartment building at 2515 R Street S.E. and enter the car. Agents immediately surrounded the car and placed him under arrest pursuant to a warrant. The agents recovered 84 grams of crack cocaine in plastic bags from the Defendant's waistband in a search incident to his arrest. They recovered an additional 8 grams of cocaine and 30 grams of heroin from the car. Agents also recovered $170 and a set of apartment keys from the Defendant.

Based on this recovery, and following further investigation, agents identified 2515 R Street SE, Apartment 322, as belonging to Mr. Hinkle and obtained a search warrant for the premises. Using a key recovered from Mr. Hinkle, agents entered the apartment and conducted a search. The apartment was a one-bedroom, one-bath unit, with only a few items of furniture. Law enforcement recovered seven brick packages of cocaine from the bedroom, kitchen, hallway closet, and bedroom closet, each weighing approximately one kilogram. They also recovered three firearms:

one Ruger 9mm pistol from underneath the living room couch (one bullet in the chamber), and two Glocks—a Model 22 and 30—from the bedroom closet (both still in the gun box containing various rounds of ammunition, including .45 and .40 caliber rounds). They recovered over 3 kilograms of cocaine in various large Ziplocs, approximately 100 grams of crack cocaine, and 25 grams of heroin. No one else was present in the apartment.

The agents also recovered numerous items of drug paraphernalia (including cooking pots, baking soda boxes, and medical masks), suspected counterfeit money, cell phones, empty kilogram wrappers, an auto receipt made out to Ronald Hinkle, and two pieces of mail matter. One piece of mail matter was addressed to Ronald Hinkle. The remaining piece was addressed to Ronald Archer. In total, the agents recovered approximately 10 kilograms (10,585 grams) of cocaine, 191 grams of crack cocaine, 55 grams of heroin, and 3 firearms between the Defendant's arrest and the apartment search. The apartment—2515 R Street SE, Apartment 322—was used by the Defendant in furtherance of his distribution of controlled substances.

The firearms were sent to the Federal Bureau of Investigation ("FBI") laboratory in Quantico, Virginia for testing. On November 19, 2018, the lab provided its results, indicating that on two of the firearms (specifically, the Ruger pistol found under the couch and the Glock pistol found in the closet), the Defendant's DNA was identified.[1]

---

[1] DNA analysts used what is called the likelihood ratio to indicate whether the analysis results in a positive match. According to the FBI, the likelihood ratio is a "statistical approach that compares the probabilities of observing the DNA results under two alternative propositions." According to the DNA analysis, the likelihood ratio for the two firearms showing a match to the Defendant's DNA are 1.2 quintillion and 370 sextillion respectively. In other words, the DNA results from the items are that much more likely if the Defendant and three unknown, unrelated people are contributors than if four unknown, unrelated people are contributors. For the remaining tested firearm, along found in the closet with the other firearm, the DNA analysis indicated limited support for exclusion, by of a factor of two.

The Defendant possessed these firearms in furtherance of his possession with intent to distribute cocaine, cocaine base, and heroin on or about February 21, 2018.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted

Matthew M. Graves
United States Attorney

BY: *Cameron A. Tepfer*
Cameron A. Tepfer
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). I have discussed this proffer fully with my attorney, Howard Katzoff. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 8-2-23

_____
Ronald Hinkle

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 8/2/2023

_____
Howard Katzoff, Esq.
Counsel for Defendant