IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **Criminal No. 18 - 009 (CKK)** |
| : | |
| **RONALD HINKLE** : | |

**UNOPPOSED MOTION TO MODIFY RELEASE CONDITIONS TO A CURFEW
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendant, through undersigned counsel, and respectfully moves this Court to modify his conditions of release to a curfew with GPS location monitoring. In support of this motion defendant states as follows:

1. On or about October 11, 2022, Mr. Hinkle was released on home detention conditions that restrict him to his home except for court-approved matters. Defendant is currently residing with his maternal aunt and grandmother in the D.C. Metropolitan area under the supervision of the Pretrial Services Agency ("PSA").

2. As the Court is aware, Mr. Hinkle sought and obtained approval to obtain his driver's license, his Commercial Driver's License ("CDL") learner's permit, the Department of Transportation physical examination needed to take the CDL test; and finally an employment skills and CDL training program offered by the United Planning Organization (UPO) - all under the supervision of his PSA Officer. The program met five days a week, and prepared Mr. Hinkle to take the test for his CDL license. On August 23, 2023, Mr. Hinkle passed his CDL test, and now proudly has his CDL license.

Case 1:18-cr-00009-CKK   Document 132   Filed 09/08/23   Page 2 of 5

3. Mr. Hinkle has demonstrated that he is motivated to gain employment skills, and to put himself on a path to success - a motivation that was fueled, at least in part, by the Court's repeated inquiries regarding his work status. His actions and record of compliance speak volumes about that commitment. To his credit, he successfully proceeded step-by-step to obtain his CDL training and license, and he is now hoping to take the next step and obtain employment - particularly since his next court date is still more than four months away. Thus, he discussed the possibility of seeking employment with his PSA Officer, Ms. Christine Schuck. Ms. Schuck was encouraging, but she informed him that he needs to seek the Court's approval. She suggested that he have undersigned counsel contact her to discuss possible modifications to PSA supervision in Mr. Hinkle's situation.

4. Counsel contacted Ms. Schuck, who has a wealth of experience supervising defendants charged with offenses in federal court. Ms. Schuck described the types of modifications that have enabled other defendants to successfully transition to curfew conditions in order to be able to obtain and/or accept employment. In discussing Mr. Hinkle's situation, Ms. Schuck acknowledged that the positives appear to make him a good candidate for such a transition. Specifically, she confirms that Mr. Hinkle continues to be fully compliant with all of his conditions, and that he is one of the most responsible defendants on her caseload. She explained that she monitored Mr. Hinkle's movements quite closely since she took over his case about eight months ago, and is therefore in a position to speak of his excellent record of compliance and level of responsibility. She also indicated that he has followed her instructions extremely well.

5.      Ms. Schuck also suggested that in cases such as Mr. Hinkle's, where he is seeking to transition to a curfew with continued GPS monitoring in order to be able to leave his residence for employment-related purposes, it often makes sense to have a more restrictive curfew than the normal curfew (which is usually from 10:00 p.m. to 6:00 a.m.), while allowing the PSA to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in work days and/or hours.  Ms. Schuck also explained that a restrictive curfew may be counter-productive in some respects, as time is of the essence when looking for work or dealing with employment-related issues, and generally there is insufficient time to seek the Court's approval when the employment-related activities fall during the curfew time period.  Thus she suggests that in these situations it makes sense to also give PSA the flexibility to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, or changes in days and/or work hours for employment.

6.      Based on the discussions with Ms. Schuck, counsel is proposing a curfew for the defendant from 5:00 p.m until 8:00 a.m. (ie. requiring him to be back home by 5:00 p.m.); continued GPS location monitoring; and authority for the PSA to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment.  The proposed curfew in Mr. Hinkle's case will allow him to have time during the day, albeit much less than PSA's normal curfew, to go to local libraries to research job opportunities and submit online applications, and to visit local businesses to make inquiries or submit applications in-person.  It will also allow him to assist in caring for some of his family members as needed, particularly his elderly

grandmother. However, it will still require him to be back at his residence relatively early.

7. While Ms. Schuck defers to the Court in these matters, she noted that based on Mr. Hinkle's level of responsibility and record of compliance to date she does not oppose the request to transition to a curfew. Again, he will still be under 24 hour a day GPS location monitoring so she remains comfortable that she will be able to properly supervise Mr. Hinkle under curfew conditions, including any modifications that she deems necessary for verified employment purposes.

8. The government authorized the defendant to represent that it does not object to the request for curfew for the defendant from 5:00 p.m until 8:00 a.m.; continued GPS location monitoring; and authority for the PSA to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment.

WHEREFORE, defendant respectfully requests that the Court modify his conditions of release, imposing a curfew from 5:00 p.m. until 8:00 a.m. with GPS location monitoring; and permit the Pretrial Services Agency to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment.

Respectfully submitted,

/s/ *Howard B. Katzoff*
Howard B. Katzoff (Bar No. 348292)
717 D Street, NW Suite 310
Washington, D.C. 20004
(202) 783-6414
katzoffh@aol.com
Counsel for Ronald Hinkle

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been filed via the Court's Electronic Filing System (ECF), causing a copy to be served upon government counsel of record, this  8th  day of September, 2023.

                                              /s/ *Howard B. Katzoff*
                                              Howard B. Katzoff