IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | |
| v. : | Criminal No.  18 - 009 (CKK) |
| : | |
| : | |
| **RONALD   HINKLE** : | |
| : | |

**UNOPPOSED MOTION TO MODIFY DEFENDANT'S CURFEW
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendant, through undersigned counsel, and respectfully moves this Court to modify his curfew to the normal HISP curfew - 10:00 P.M. until 6:00 A.M., with all other conditions remaining the same, including the Pretrial Service Agency's authority to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment. In support of this motion defendant states as follows:

1.      As the Court is aware, on or about October 11, 2022, Mr. Hinkle was released on home detention conditions that restricted him to his home except for court-approved matters. Defendant continues to reside with his maternal aunt and grandmother in the D.C. Metropolitan area under the supervision of the Pretrial Services Agency without any incidents.  After serving approximately six months under strict house arrest conditions, Mr. Hinkle sought and obtained the Court's permission to further his education; obtain his driver's license and his CDL learner's permit; participate in a CDL training program; and eventually obtain his CDL license.

2. In September, Mr. Hinkle requested a modification of his release conditions, specifically a transition from "house arrest" to a curfew, so that the PSA could supervise his efforts to seek employment. At the time it was recommended that the curfew be more limited than the standard HISP curfew hours (10:00 P.M. until 6:00 A.M.) in order to assure a smooth transition to the curfew, and to see how Mr. Hinkle would respond to the modification.

3. Mr. Hinkle was extremely compliant and successful in handling the transition. Mr. Hinkle applied for a number of jobs, and was able to obtain full-time employment with the Department of Public Works ("DPW"). He is working extremely hard to successfully complete the probationary period at DPW, so he can become a permanent employee. Ms. Schuck, his PSA officer, confirms that he is working very hard. He generally has to leave his residence by 4:45 A.M. to get to work, and has regularly been asked to work overtime and on weekends - including at least one double shift that ran until about 9:00 P.M. Ms. Schuck also confirmed that he always provides notice of the overtime shifts, and continues to be completely compliant with his conditions.

4. In light of Mr. Hinkle's exemplary compliance with his conditions over the past 13 months; his continuing stable home environment; his full-time employment; and the number of hours he is working, Ms. Schuck informed counsel that he is now an appropriate candidate for the standard curfew, and that PSA does not oppose a request to modify Mr. Hinkle's curfew to a 10:00 P.M. to 6:00 A.M. curfew. Ms. Schuck also reminded counsel that since Mr. Hinkle usually has to leave for work before 5:00 A.M., PSA still needs the Court's authorization to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment.

5.      For the foregoing reasons, Mr. Hinkle is respectfully requesting that the Court modify his curfew to the standard HISP curfew hours - 10:00 p.m. until 6:00 a.m., with all other conditions remaining the same.

6.      The government authorized the defendant to represent that it does not object to the request to modify the curfew to 10:00 P.M. until 6:00 A.M. Mr. Hinkle's PSA Officer, Ms. Schuck, also indicated that she does not oppose the requested modification of his curfew

WHEREFORE, defendant respectfully requests that the Court to modify his curfew to the standard HISP curfew hours - 10:00 P.M. until 6:00 A.M., with all other conditions remaining the same, including the Pretrial Service Agency's authority to modify the curfew as necessary for verified employment purposes, including job interviews, employment-related appointments, and changes in scheduled days and/or hours of employment.

Respectfully submitted,

/s/ *Howard B. Katzoff*
Howard B. Katzoff (Bar No. 348292)
717 D Street, NW  Suite 310
Washington, D.C.  20004
(202) 783-6414
katzoffh@aol.com
Counsel for Ronald Hinkle

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been filed via the Court's Electronic Filing System (ECF), causing a copy to be served upon government counsel of record, this __16th__ day of November, 2023.

/s/ *Howard B. Katzoff*
Howard B. Katzoff