UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : Criminal No.: 18 - 009 (CKK) |
| **RONALD HINKLE** | : |
| | : |
| **Defendant.** | : |
| | : |

**UNOPPOSED MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Ronald Hinkle, through undersigned counsel, pursuant to 18 U.S.C. Section 3583(e)(1), respectfully moves this Court to modify his conditions of supervised release. Specifically, defendant requests that the court modify the location monitoring condition by by changing the condition to a curfew from 9:00 p.m. until 6:00 a.m.. In support of this request defendant states the following:

1.   On or about August 2, 2023, pursuant to Rule 11(c)(1)(c), the defendant pleaded guilty to Count Six of the indictment - Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. 924(c). On or about May 7, 2024, defendant was sentenced to 72 months with credit for time served beginning February 21, 2018. The Court imposed 60 months of supervised release with conditions that include a period of location monitoring (home detention conditions) ("LM"). On or about July 9, 2024, Mr. Hinkle surrendered to the Bureau of Prisons to finish serving his prison sentence. On or about December 26, 2024 he began serving his period of supervised release. He was promptly placed in the Location Monitoring (LM) program in Maryland where he resides. Courtesy supervision is being provided by the District of Maryland.

2.     Shortly after being released, Mr. Hinkle obtained employment with a previous employer – BAR-BAK, which is a restaurant and food supply company operating out of Northern Virginia. Mr. Hinkle is a delivery truck driver for the company.

3.     Under the current Location Monitoring condition, Probation is required to set a schedule every week with the times that Mr. Hinkle is allowed to leave home for his work and other approved activities, as well as the time he is required to return home after those activities.[1] Probation makes a good faith effort to estimate the time that he can be away from his residence, including travel time, but in Mr. Hinkle's case it is a little more difficult because of the nature and location of his job. While his start time is generally the same, his work schedule varies day-to-day because his shift does not end until he completes his deliveries and returns to the warehouse location with the truck. That means that it is usually different everyday, depending on the volume of business and location of the deliveries on that day. Moreover, Mr. Hinkle is unable to stay late or work extra days when asked by his employer. Thus, it is difficult and stressful for Mr. Hinkle to both fulfill his work obligations and comply with the LM rules. In addition, there is always some uncertainty about the travel time, as Mr. Hinkle is required to navigate rush hour traffic between Maryland and Virginia across the Wilson bridge. Notwithstanding his good faith efforts to follow his approved schedule, on any given day work, traffic, or car problems can make him late and non-compliant, which is very stressful.

4.     Based on counsel's concerns that the LM rules could cause Mr. Hinkle to lose his job, counsel reached out to Mr. Hinkle's supervising probation officer, Ms. Nieva. Ms. Nieva

---

[1] The current LM conditions require Probation to set a specific schedule every week that is relatively inflexible once set. Normally, under LM program rules at least 3 days notice is required for Probation to consider changing or extending the schedule.

agreed that the Location Monitoring program with a curfew, rather than the current LM program, seems to make sense in light of Mr. Hinkle's circumstances. The LM monitoring condition would remain almost the same with a curfew. Mr. Hinkle would still be monitored 24/7 by radio frequency, but significantly it would not require Probation to set a fixed schedule, or modify the schedule throughout the week. Instead the curfew would establish a schedule which gives him sufficient time to get to work, return home, and take care of other approved activities regardless of the varying circumstances with his job during the week. Ms. Nieva further explained that the location monitoring program with curfew conditions is satisfied as long as the defendant is required to be home at least 8 hours consecutively overnight. Thus, counsel is now recommending that the Location Monitoring restrictions (home detention) be modified to Location Monitoring with a curfew between 6:00 a.m. and 9:00 p.m..

5.     Assistant United States Attorney Cameron Tepfer authorized counsel to represent that the government does not oppose the request to modify the current LM conditions, and instead impose Location Monitoring with a curfew from 9:00 p.m. until 6:00 a.m..

6.     Ms. Nieva does not oppose the request to modify the current LM restrictions to location monitoring with a curfew. Moreover, she recommends that Probation be permitted to adjust the curfew as the defendant's employment and other conditions warrant. That way there will not be a need to request court approval each time Mr. Hinkle's work obligations and/or circumstances change.

7.     Counsel would note that Mr. Hinkle was on strict location monitoring conditions for nearly 21 months prior to sentencing, and his compliance was excellent. Thus, the request is both practical and reasonable.

8.  Counsel would further note that the requested relief can be granted without the need for a hearing. *See*, Fed. R. Crim. Pro. Rule 32.1(c)(2).

Wherefore, for the reasons given, the defendant respectfully requests that the Court modify his supervised release conditions to impose Location Monitoring (LM) with a curfew from 9:00 p.m. until 6:00 a.m., rather than the current LM conditions. Defendant further requests that Probation be permitted to adjust the curfew as the defendant's employment and other conditions warrant.

Respectfully submitted,

/s/ Howard B. Katzoff
Howard B. Katzoff (Bar # 348292)
717 D Street, NW Suite 310
Washington, D.C. 20004
(202) 783-6414
katzoffh@aol.com
Attorney for Ronald Hinkle

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, and was served by electronic mail on United States Probation Officer Pamela Nieva for the District of Maryland, this 22nd day of January, 2025.

/s/ Howard B. Katzoff
Howard B. Katzoff