UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : Criminal No.: 18 - 009 (CKK) |
| RONALD HINKLE | : |
| | : |
| Defendant. | : |
| | : |

### UNOPPOSED MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Ronald Hinkle, through undersigned counsel, pursuant to 18 U.S.C. Section 3583(e)(1), respectfully moves this Court to modify his conditions of supervised release. Specifically, defendant requests that the court terminate the location monitoring / curfew condition. The government and probation do not oppose this request. In support of this request defendant states the following:

1. On or about August 2, 2023, pursuant to Rule 11(c)(1)(c), the defendant pleaded guilty to Count Six of the indictment - Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. 924(c). On or about May 7, 2024, defendant was sentenced to 72 months with credit for time served beginning February 21, 2018. The Court imposed 60 months of supervised release with conditions that included a period of location monitoring (home detention conditions) ("LM"). On or about July 9, 2024, Mr. Hinkle surrendered to the Bureau of Prisons to finish serving his prison sentence. On or about December 26, 2024 he began serving his period of supervised release. He was promptly placed in the Location Monitoring (LM) program in Maryland where he resides. Courtesy supervision is being provided by the District of Maryland.

2.      Shortly after being released, Mr. Hinkle obtained employment with a previous employer – BAR-BAK, which is a restaurant and food supply company operating out of Northern Virginia.  Mr. Hinkle is a delivery truck driver for the company.

3.      Under the Location Monitoring conditions, Probation was required to set a schedule every week with the times that Mr. Hinkle is allowed to leave home for his work and other approved activities, as well as the time he is required to return home after those activities. Probation makes a good faith effort to estimate the time that he can be away from his residence, including travel time, but in Mr. Hinkle's case it was more difficult because of the nature and location of his job, and the need to modify the schedule on short notice.  As a result, counsel filed an unopposed motion to modify the location monitoring conditions in order to give Probation more flexibility in supervising the defendant without interfering with his ability to work.  On or about January 22, 2025,, the Court granted that motion..

4.      Mr. Hinkle has maintained employment and a stable residence since his release from prison on or about December 26, 2024.  He has remained on 24 hours a day / 7days a week location monitoring  without incident over the past six months.  He has been fully compliant with his LM / curfew condition, and all of his other supervised release conditions.  In short, he has shown himself to be extremely responsible over the past few years, including his time during his Probation supervision and his two years on PSA-HISP supervision.

5.      Recently, Mr. Hinkle took another positive step.  He applied for employment with Vulcan Materials Company in Springfield, Virginia, an employer offering better pay and better job opportunities.   .This week he received an offer of employment from the company.  Mr. Hinkle is scheduled to begin work as a truck driver for Vulcan Materials on June 23, 2025. .He will be attending training the first week on their concrete trucks and other equipment, and will

begin his work schedule the following week.  Significantly, Mr. Hinkle will be working on a "flex schedule", which means that he must call in the evening to find out his work assignment and hours for next day.  Since Probation's LM program generally requires 72 hours notice to adjust or modify Mr. Hinkle's  work schedule. Thus, the LM condition is not well-suited for defendant's new job.  In fact, if the current LM / curfew condition is not vacated Mr. Hinkle will be unable to keep the Vulcan job – a job that pays well and has a great deal of potential.

6. Counsel spoke with Mr. Hinkle's probation officer, Ms. Nieva, who confirmed his full compliance with his LM conditions and all of his supervised release conditions over the past six months. Ms. Nieva confirmed that his positive adjustment and his level of compliance and responsibility make him a good candidate for termination of his LM / curfew condition, and that she has no opposition to the request to terminate the LM condition at this time.

7. Similarly, the government authorized counsel to represent that it does not oppose the request to vacate defendant's LM / curfew condition under the circumstances.. .

8. Counsel would further note that the requested relief can be granted without the need for a hearing. *See*, Fed. R. Crim. Pro. Rule 32.1(c)(2) .

Wherefore, for the reasons given, the defendant respectfully requests that the Court modify his supervised release conditions by terminating the Location Monitoring (LM) / curfew condition, leaving the other supervised release conditions unchanged.

        Respectfully submitted,

         /s/ Howard  B. Katzoff
        Howard B. Katzoff (Bar # 348292)
        717 D Street,  NW Suite 310
        Washington, D.C.  20004
        (202) 783-6414
        katzoffh@aol.com
        Attorney for Ronald Hinkle

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion was filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, and was served by electronic mail on United States Probation Officer Pamela Nieva for the District of Maryland, this  17th  day of   June  , 2025.

                                                 /s/   *Howard  B. Katzoff*
                                                 Howard B. Katzoff